# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>BRAHMACOM, INC.,<br><br>　　　　　　　　Debtor | Chapter 11<br>Case No. 04-15243-RS |

## ORDER REGARDING IMPOUNDMENT
### (Verizon Settlement)

This matter is before the Court on the joint motion ("Motion") of Brahmacom, Inc., the within debtor ("Debtor"), and the telephone company subsidiaries of Verizon Communications, Inc. ("Verizon") for an order authorizing the Debtor to file under seal a settlement stipulation ("Settlement") resolving pending disputes incident to their business relationship and Verizon's claims against the Debtor and its estate. The Debtor and Verizon filed and served the Motion and the Settlement in accordance with Fed. R. Bankr. P. 9018 and MLBR 9018-1. On June 1, 2005, the Court held an <u>in camera</u> hearing on the Motion. Based upon the Motion, the Settlement, the presentation and proffers of counsel at the hearing, and the record to date of the within Chapter 11 proceedings ("Proceedings"), the Court makes the following findings and rulings.

### Findings

1. This matter is governed by Section 107 of the Bankruptcy Code, 11 U.S.C. §107.

2. Verizon is the Debtor's single largest creditor, with a scheduled claim comprising more than one-third of all scheduled claims.

3. The Debtor and Verizon are engaged in a dispute regarding the Debtor's rights and Verizon's obligations under Sections 365 and 366 of the Bankruptcy Code ("Dispute").

4. The Debtor's reorganization is dependent upon a favorable settlement with Verizon or a successful outcome in litigation with Verizon with respect to the Dispute.

5. In view of its numerous comparable business relationships and disputes with similar telecommunications companies, the magnitude of the financial commitments and risks therewith involved, and its concern that public disclosure of the terms of the Settlement to such companies would damage its financial and litigation position in pending and future disputes, Verizon will not proceed with the Settlement unless the requested impoundment is permitted.

6. The Motion and notice of the response deadline thereto and hearing thereon were served upon the service list established in the Proceedings. No objection or other response to the Motion was filed.

7. The Settlement will facilitate the Debtor's acquisition of capital necessary for its reorganization. The Debtor's reorganization would produce a distribution to general unsecured creditors. The Debtor's liquidation would likely produce no distribution at all.

**Rulings**

8. Public access to documents filed in a bankruptcy case, such as the Settlement, is a presumptive but not absolute right to which exceptions may be made only in compelling or extraordinary circumstances. 11 U.S.C. § 107(a) (papers filed in a bankruptcy case are public records and open to examination, subject to exceptions outlined in subsection (b)); *In re Orion Partners Corporation*, 21 F.3d 24, 26 (2d Cir. 1994). *See also In re Northstar Energy, Inc.*, 315 B.R. 425, 428 (and cases cited).

9. Verizon is an entity eligible for protection under Section 107; the Settlement constitutes confidential commercial information under Section 107; and the Court must protect

Verizon with respect to the Settlement. *In re Farmland Industries, Inc.*, 290 B.R. 364, 367-368 (Bankr. W.D. Missouri 2003); *Orion* at 27.

10.    The impoundment of the Settlement will facilitate the Debtor's reorganization, which would be significantly less viable if not wholly unachievable absent the Settlement.

11.    The confluence of circumstances herein—largest creditor, case-determinative settlement, impoundment sought for valid business purposes by an eligible entity, benefit to creditors from settlement, detriment to creditors absent settlement, no objections to impoundment—warrants impoundment. Public access to bankruptcy court records is not lightly restricted and the relief herein is not to be construed as an invitation to impoundment requests for any and all compromises between debtors and third parties. *In re Hemple*, 295 B.R. 200 (Bankr.D.Vt. 2003).

### Order

12.    The Motion is granted subject to the conditions below.

13.    The Settlement shall be maintained under seal in accordance with applicable national and local bankruptcy rules, and it shall be returned to Verizon upon motion at the time of the closing of the Proceedings.

14.    The Debtor's second amended disclosure statement shall include at least the following information regarding the Settlement: Verizon's status as the Debtor's largest creditor; the fact of the dispute; the existence and impoundment of the Settlement; the amount payable to Verizon upon confirmation of the Debtor's reorganization plan; and a financial analysis of the Debtor's reorganization and contrasting liquidation taking into account the Settlement in its presentation of claims against the Debtor and its estate, the likely dividend to creditors and the

feasibility of the plan.

15. The Debtor shall file and serve by June 13, 2005 (i) the Debtor's second amended disclosure statement and (ii) a motion for the authorization of the Settlement consistent with the Motion and this Order Regarding Impoundment ("Compromise Motion"). Objections to the Debtor's second amended disclosure statement and to the Compromise Motion shall be filed and served by July 8, 2005 at 4:30 p.m. A hearing on the Compromise Motion (and any objections thereto) and on the Debtor's second amended disclosure statement (and any objections thereto) shall be held on July 19, 2005 at 1:00 p.m.

Dated: June 3, 2005

_____
Robert Somma
United States Bankruptcy Judge